Estate of Mary E. Bryson, deceased. Appeal of the
Missionary Society of the Methodist Episcopal Church.

*Will—Construction—Charitable gift—Latent ambiguity.*

The intention of a testatrix in the matter of a charitable bequest is not
to be frustrated simply because of a latent ambiguity. The legacy does
not lapse because of such ambiguity, if it can be explained and the inten-
tion of the testatrix made clear by extrinsic evidence.

A bequest to the Foreign Missionary Society of the Methodist Episcopal
Church held to be intended for the missionary society of the Methodist
Episcopal Church, there being no society bearing the first name and the
latter having charge of the foreign missionary work of the church.

Argued May 12, 1898. Appeal, No. 176, April T., 1898, by
the Missionary Society of the Methodist Episcopal Church,
from decree of O. C. Beaver Co., Dec. T., 1897, No. 5, in dis
tribution. Before RICE, P. J., WICKHAM, BEAVER, REEDER,
ORLADY, SMITH and PORTER, JJ. Reversed.

Exceptions to auditor's report. Before WILSON, P. J.
The facts sufficiently appear in the opinion of the court.

Under will of decedent a legacy of $1,000 was claimed by
the Methodist Episcopal Church at Beaver Falls and by the
missionary society of the Methodist Episcopal Church. The
court below held that there was a latent ambiguity and that
the legacy lapsed. The missionary society of the Methodist
Episcopal Church appealed.

*Errors assigned* were (1) in deciding from the will and the
evidence that the legacy to the foreign missionary society of
the Methodist Episcopal Church lapsed. (2) In the conclu-
sions of law by the court below as follows: " 1. As there is no
society known as the 'Foreign Missionary Society of the Meth-
odist Episcopal Church' there is latent ambiguity in the bequest
of the testatrix to such society, and the legacy must, therefore,
lapse. 2. The exceptions to the auditor's report must be dis-
missed and the same confirmed absolutely."

*Alfred S. Moore,* with him *Winfield S. Moore,* for appellant.
—It is well settled that charitable legacies will not fail in

consequence of the indefiniteness of the object, and where there are two charities of the same name, the legacy will be divided between them, if it cannot be determined which was intended: 2 Redfield on Wills, 401; 1 Jarman on Wills, 376.

An imperfect description of the donor will not render the gift void unless the ambiguity be such that it is impossible either from the will or other proper evidence to ascertain who is the object of the testator's bounty: Congregational Society v. Hatch, 48 N. H. 393; Straw v. Church, 67 Me. 493.

Where the name used does not designate with precision any corporation, but when the circumstances come to be proved, so many of them concur to indicate that a particular one was intended, and no similar circumstances appear to identify any other, the one thus shown to be intended will take: Dunham v. Averill, 45 Conn. 61; s. c. 29 Am. Rep. 642. See also Button v. Tract Society, 23 Vt. 336. The devise in this case, to the American Home Mission Tract Society was held to operate in favor of the American Tract Society, there being no such devisee as the one described. Devise awarded to latter society. See also Appeal of Washington and Lee University, 111 Pa. 572, 583; Cresson's Appeal, 30 Pa. 437, 450; Appeal of Missionary Society, 30 Pa. 425; Appeal of Penna. Home for Blind Women, 3 Penny. 429; Newell's Appeal, 24 Pa. 198.; Witman v. Lex, 17 S. & R. 88.

*Robert Ritchie*, with him *David K. Cooper*, for appellee.—In all of the cases cited by the counsel for the appellant, one of three conditions existed, all of which are absent in the present case. (1) Words were used in some part of the will which taken in connection with explanatory evidence show the party for whom the legacy was intended, as in the appeal of Washington and Lee University, 111 Pa. 572. (2) There being a latent ambiguity, the party was fixed definitely by parol testimony. (3) The object being uncertain, a discretionary power was vested in some one over the application of the grantor's bounty, as in The Domestic and Foreign Missionary Society's Appeal, 30 Pa. 425; McLain v. Township, 51 Pa. 196; Zeisweiss v. James, 63 Pa. 465; Kinike's Estate, 155 Pa. 101; Witman v. Lex, 17 S. & R. 88.

There is nothing in the will or in the evidence that shows

that either one of the societies named in the evidence or any
other society was intended by the testator.

OPINION BY BEAVER, J., July 29, 1898:

The testatrix, a member of the Methodist Episcopal Church
in Beaver Falls, Pa., bequeathed $1,000 to the " Foreign Mis-
sionary Society of the Methodist Episcopal Church." It ap-
pears, from the evidence, that there is no society in this church
bearing this precise name. The assignment of error relates to
the conclusion of law reached by the court below which is as
follows: "As there is no society known as the Foreign Mis-
sionary Society of the Methodist Episcopal Church, there is
latent ambiguity in the bequest of testatrix to such society and
the legacy must, therefore, lapse."

The intention of the testatrix is not to be frustrated simply
because of a latent ambiguity. The legacy would not neces-
sarily lapse because of such ambiguity, if it can be explained
and the intention of the testatrix made clear by extrinsic evi-
dence. This much is clear from the terms of the will—that
the testatrix desired $1,000 of her estate to be expended in the
cause of foreign missions administered by the Methodist
Episcopal Church. It appears from the evidence that there is
a corporation known as " The Missionary Society of the Meth-
odist Episcopal Church " which has charge of the general mis-
sionary work of the church, both at home and abroad. It does
not appear that there were two claimants for this legacy as
such. It appears in the evidence, however, that there is the
missionary society of the Methodist Episcopal Church and
subordinate to it and under the supervision of its authority
the woman's foreign missionary society of the Methodist
Episcipal Church, whose distinctive work is among the women
of foreign countries. It would seem from the evidence that
the work of foreign missions and of home missions, although
carried on under the direction of the same society, are dis-
tinct and the expenditures kept entirely separate. The evi-
dence shows that the missionary society expends in its foreign
work about $550,000 per year, exclusive of what is expended
for woman's work by the women's society, which is about
$250,000 per year.

Reading the will in the light of this testimony, it seems to

us very clear that the testatrix not only intended that the bequest of $1,000 was to the missionary society of the Methodist Episcopal Church but that her intention, clearly expressed in the will, can be fully carried out by paying the legacy to this society, inasmuch as it would take whatever may be received from the estate, subject to the trust impressed upon it by the testatrix, namely, its expenditure in the work of foreign missions. This is in accordance with the well-known principle strikingly exemplified in Appeal of Washington & Lee University, 111 Pa. 572: " Where there are two parties claiming a legacy, neither of whom bear the name of the legatee in the will and it is uncertain which is the one intended by the testator, if either, it must be determined by a consideration of all the language used and by proof of all the facts and surrounding circumstances." The authorities upon this subject are very fully set forth in the report of this case. It is unnecessary to multiply them here, but see the Domestic & Foreign Missionary Society's Appeal, 30 Pa. 425, in which it was held that a legacy to the missions and schools of the Episcopal Church about to be established at or near Port Cresson upon the western coast . of Africa is a good charitable bequest to the Domestic & Foreign Missionary Society of the Protestant Episcopal Church of the United States of America.

The assignments of error are sustained, the decree of the court below is reversed and the record is remitted, with instructions to make distribution of the estate of the testatrix as if the bequest to the Foreign Missionary Society of the Methodist Episcopal Church had been made to the Missionary Society of the Methodist Episcopal Church.

As it does not clearly appear who the appellee in this case is, the costs will be paid out of the estate.